IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE VISION FORUM, INC., | § | |
| a Texas Corporation, | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION** |
| vs. | § | |
| | § | **NO. SA-09-CA-0059 FB** |
| THE BEHEMOTH, | § | |
| a California Corporation, | § | |
| Defendant. | § | **JURY DEMANDED** |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTER-CLAIM

Defendant and Counter-Plaintiff THE BEHEMOTH, INC. hereby answers the Complaint of Plaintiff THE VISION FORUM, INC.

### I. THE PARTIES

1.     Defendant lacks sufficient information to form a belief as the truth of the allegations contained in Paragraph 1 of the Complaint, and, therefore, denies the same.

2.     In response to the allegations contained in Paragraph 2 of the Complaint, Defendant admits that its mailing address is 1010 University Avenue, Suite 1880, San Diego, California 92103, but that its principle place of business is 680 West Beech Street, #3, San Diego, California 92103.

3.     Defendant admits the allegations contained in Paragraph 3 of the Complaint.

### II. JURISDICTION AND VENUE

4.     Responding to Paragraph 4 of the Complaint, Defendant admits that Plaintiff asserts a claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Lanham Act, 15 U.S.C. § 1501 *et. seq*. Defendant denies any remaining allegations contained in Paragraph 4 of the Complaint.

5.    Responding to Paragraph 5 of the Complaint, Defendant admits that Plaintiff is seeking a declaratory judgment based on its asserted claims.  Defendant denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.    Responding to Paragraph 6 of the Complaint, Defendant admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 2201, but denies that any grounds exist for Plaintiff's claims.  Defendant denies any remaining allegations contained in Paragraph 6.

7.    Responding to Paragraph 7 of the Complaint, Defendant admits that this Court has personal jurisdiction over Defendant.  Defendant denies any remaining allegations contained in Paragraph 7 of the Complaint.

8.    Responding to Paragraph 8 of the Complaint, Defendant admits that venue is proper in this Judicial District under 28 U.S.C. § 1391. Defendant denies any remaining allegations contained in Paragraph 8 of the Complaint.

### III. FACTS

9.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and, therefore, denies the same.

10.    Responding to Paragraph 10 of the Complaint, Defendant admits that the Complaint's Exhibit A purports to be a printout of the www.behemoth.com website homepage. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 of the Complaint, and, therefore, denies the same.

11.    Responding to Paragraph 11 of the Complaint, Defendant admits that it develops a variety of video games, including the released video games titled "Alien Hominid" and "Castle Crashers" that incorporate two-dimensional, distinctive graphics based on Dan Paladin's artwork.

188210/0002103-24095                          2

Defendant further admits that it markets, promotes and distributes its released video game products through retail outlets and websites, including Defendant's website www.thebehemoth.com. Defendant admits that the Complaint's Exhibit B is a printout of the www.thebehemoth.com website homepage. Defendant denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.    Responding to Paragraph 12 of the Complaint, Defendant admits that it is the owner of U.S. Trademark Registration No. 2,982,171 for the mark THE BEHEMOTH, registered for and used in connection with "computer software for use in video games."

13.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and, therefore, denies the same.

14.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and, therefore, denies the same.

15.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and, therefore, denies the same.

16.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and, therefore, denies the same.

17.    Defendant admits the allegations of Paragraph 17 of the Complaint.

18.    Responding to Paragraph 18 of the Complaint, Defendant admits that Plaintiff's trademark application lists "on-line retail store services featuring books, music, and motion pictures" and that Defendant opposed said application. Defendant denies that the USPTO allowed Plaintiff's trademark application to proceed to registration. Defendant denies any remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and, therefore, denies the same.

20.     Defendant denies the allegations of Paragraph 20 of the Complaint.

21.     Defendant admits the allegations of Paragraph 21 of the Complaint.

22.     Defendant admits the allegations of Paragraph 22 of the Complaint.

23.     Responding to Paragraph 23 of the Complaint, Defendant admits that its letter dated January 13, 2009 to Plaintiff's counsel stated that if Plaintiff did not respond, Defendant would then consider its other legal options to protect and enforce its rights in the mark THE BEHEMOTH. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.     Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and, therefore, denies the same.

25.     Responding to Paragraph 25 of the Complaint, Defendant admits that without Defendant's consent, Plaintiff included the following disclaimer on each web page of Plaintiff's website: "Behemoth.com is in no way affiliated or associated with THE BEHEMOTH" and even links "THE BEHEMOTH" to Defendant's website. Defendant denies any remaining allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Responding to the Paragraph 27 of the Complaint, Defendant admits that it uses the mark THE BEHEMOTH in connection with products and services that include Dan Paladin's artwork. Defendant denies any remaining allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and, therefore, denies the same.

34.    Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.    Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and, therefore, denies the same.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## IV.  COUNT I: DECLARATORY JUDGMENT

38.    Defendant repeats and realleges its responses to Paragraphs 1 through 37 of this Answer as if they were fully set forth herein.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations contained in Paragraph 41 of the Complaint.

## V.  AFFIRMATIVE DEFENSES

DEFENDANT alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

42.    Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

43.    Plaintiff's claims for relief are barred by the doctrine of unclean hands.

## VI. **COUNTERCLAIMS**

Defendant/Counter-Plaintiff, THE BEHEMOTH, hereby brings the following Counterclaims against Plaintiff/Counter-Defendant, THE VISION FORUM, INC. ("Vision Forum"):

## VII. **JURISDICTION AND VENUE**

1.     This action arises under the trademark laws of the United States. This court has jurisdiction pursuant to 15 § U.S.C. 1121(a) and 28 U.S.C. §§ 1331 and 1338. The Court also has supplement and/or ancillary jurisdiction over the remaining claims in that all of them arise out of a common nucleus of operative facts.

2.     This Court has personal jurisdiction over Vision Forum by virtue of Vision Forum's submitted Complaint to this Court and Vision Forum's residence in this judicial district.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Vision Forum alleges to have a principal place of business in this judicial district, Vision Forum is doing business in this judicial district and a substantial part of the events giving rise to the claims arose and occurred within this judicial district.

## VIII. **PARTIES**

4.     Counter-Plaintiff is a California corporation having a principal place of business at 680 West Beech Street, #3, San Diego, California 92103.

5.     Upon information and belief, Vision Forum is a Texas corporation with its principle place of business at 4719 Blanco Road, San Antonio, Texas 78212.

## IX. **FACTS COMMON TO ALL COUNTERCLAIMS**

6.     Counter-Plaintiff owns U.S. Registration No. 2,982,171 for the mark THE BEHEMOTH registered for use in connection with "computer software for use in video games"

188210/0002103-24095                                   6

(hereinafter "Counter-Plaintiff's Registration").  Counter-Plaintiff's Registration registered on August 2, 2005, claiming a date of first use at least as early as July 18, 2003, and a date of first use in interstate commerce at least as early as November 17, 2004.  A true and accurate copy of the registration certificate for Counter-Plaintiff's Registration is attached hereto as Exhibit A.

7.      By virtue of substantial use, sale and promotion of products and services bearing THE BEHEMOTH mark, the trademark THE BEHEMOTH has acquired great value as an identifier of the source of Counter-Plaintiff's products and services and distinguishes those products and services from others.  The trademark THE BEHEMOTH is extremely valuable to Counter-Plaintiff as an identifier of its products and services and of the substantial customer goodwill Counter-Plaintiff has earned over years in the market.

8.      Since at least as early as 2003, and well before the acts of Vision Forum complained of herein, Counter-Plaintiff has continuously used and has acquired common law and federal trademark rights to the trademark THE BEHEMOTH in connection with video games for use with personal or laptop computers, home consoles such as Microsoft Xbox®, Sony PlayStation® and Nintendo GameCube®, and portable gaming devices such as Nintendo GameBoy Advance®; clothing and headwear; sporting equipment including surf boards, skateboards and skim boards; books; toys including figurines; and online retail store services.

9.      On April 23, 2003, Counter-Plaintiff registered the domain name "thebehemoth.com," and shortly thereafter the www.thebehemoth.com website became operative in promoting THE BEHEMOTH branded products and services.

10.     Since at least as early as 2003, Counter-Plaintiff has continuously marketed, promoted and sold its THE BEHEMOTH branded products and online retail store services through various channels of trade including retail outlets such as GameStop, Fry's, EB Toys and

Game Crazy; the Internet including Counter-Plaintiff's website at www.thebehemoth.com and other third-party websites; exhibitions at consumer tradeshows including Comic Con International (2003-2008), Slamdance Game Festival (2005), Independent Game Festival (2005 and 2007), IGN Live (2005), Penny Arcade Expo (2006-2008), Wonder Con (2008) and the Tokyo Game Show (2008); and speaking engagements at consumer events including South By Southwest (SXSW), Game Developers Conference, Penny Arcade Expo, Nordic Game and E for All.

11.     Since at least as early as 2003, Counter-Plaintiff's THE BEHEMOTH branded products and online retail store services have received immense national publicity in print publications, including but not limited to, Entrepreneur Magazine, USA Today, The Wall Street Journal, Time Magazine, Playboy Magazine, Wired, PC Magazine, Res, Co-Ed, Tokion, Edge, Y-PA Magazine, Official Xbox Magazine, Game Developer Magazine, GameInformer, PLAY, EGM (Electronic Gaming Magazine), San Diego Business Journal, San Diego Union Tribune, Orange County Register, Nintendo Power, Xbox World, PlayStation Magazine, PSE2 (PlayStation Extreme Magazine), Morning Magazine, Game Star, Giant Robot, Computer Gaming World, Computer Games Magazine, Games, Dragon, GMR, Newtype USA, Front Magazine, Loaded Magazine and ZOO Magazine.

12.     Since at least as early as 2003, Counter-Plaintiff's THE BEHEMOTH branded products and online retail store services have received immense national publicity on the Internet through numerous websites, including but not limited to, Yahoo! Games, Gamasutra, CNETNews.com, wired.com, kotaku.com, xbox360fanboy.com, digg.com, gamespy.com, gamespot.com, slashdot.com, theonion.com, 1up.com, IGN.com, gamesasylum.com, gameplanet.com, gamesfirst.com, joystiq.com, digitalgamedeveloper.com, gameindustry.biz,

gameinatrix.com, news10.net, destructoid.com, escapistmagazine.com, thatvideogameblog.com, supervoodoo.com, vgchartz.com, offworld.com, gamesradar.com, gamepro.com, nydailynews.com, majornelson.com, interactive.org. gamegirl.com, ve3tro.com, planetxbox360.com, thegamerscafe.net, xblaratings.com, cosmosgaming.com, vg-reloaded.com, the-nextlevel.com, magcloud.com, nbcphiladelphia.com, blip.tv, videoonlinegames.suite101.com, gamerlimit.com, funcoast.com, gamestooge.com and weeklygeekshow.com.

13.    Counter-Plaintiff has won several industry awards for its branded THE BEHEMOTH video games, including Escapistmagazine's Top 5 Games of 2008, Thatvideogameblog's "Worth the Wait" Award in 2008, UGO's Best Downloadable Game in 2008, 1up.com's Reader's Choice Award in 2008, GameGirl.com's Best XBOX Live Arcade Game in 2008, IGN.com's Editor's Choice Award 2008, Kotaku's Game of the Year 2007, Independent Games Festival's Innovation in Visual Arts Award and Audience Award in 2007 and 2005, Independent Games Festival's Technical Excellence Award in 2005, IGN.com's Biggest Surprise Winner in 2004, 5th Annual Game Developers Choice Award 2004, Gamespot's Funniest Game of the Year 2004, Punchjump's Best Old School Game of the Year 2004, Joystiq's Best Old School Game of the Year 2004, Nintendo Power Awards' Most Pleasant Surprise and Best Shooter/Action Game 2004, GameInformer's 2004 Top Ten Villains Award, Slamdance Independent Games Competition's Jury Award 2004, Play Magazine's 2004 Shooter Game of the Year, GamerFeed's Sleeper Hit of the Year 2004, and Sore Thumbs Award's Technical Excellence in Graphics 2004.

14.    Since August 5, 2005, the registration date for Counter-Plaintiff's Registration, Vision Forum has had at least constructive notice of Counter-Plaintiff's federally registered

trademark rights to the mark THE BEHEMOTH pursuant to section 22 of the Lanham Act, 15 U.S.C. § 1072.

15.     Upon information and belief, on February 19, 2007, nearly four years after Counter-Plaintiff's www.thebehemoth.com website became operative in promoting and selling its THE BEHEMOTH branded products and online retail store services, Vision Forum purchased the domain name "behemoth.com" for its online retail sales of books, music, movies and other merchandise.

16.     Upon information and belief, in October 2007, more than four years after Counter-Plaintiff's first use of THE BEHEMOTH mark in connection with its products and services, and more than two years after the federal registration of the trademark THE BEHEMOTH, Vision Forum began promoting and marketing the BEHEMOTH.COM mark in connection with online retail sales of books, music, movies and other merchandise.

17.     Upon information and belief, on February 13, 2008, Vision Forum filed a federal trademark application for the mark BEHEMOTH.COM, U.S. Serial No. 77/395,510 (hereinafter "Vision Forum's Application").  A true and accurate copy of the U.S. Patent and Trademark Office's records for Vision Forum's Application is attached hereto as Exhibit B.

18.     Since at least as early as June 1, 2008, Vision Forum has had actual knowledge of Counter-Plaintiff's common law and federal trademark rights when the U.S. Patent and Trademark Office issued an Office Action in connection with Vision Forum's Application, wherein the Examining Attorney refused to register the Vision Forum's BEHEMOTH.COM mark in light of Counter-Plaintiff's Registration.  A true and accurate copy of the issued Office Action, obtained from the U.S. Patent and Trademark Office's records, is attached hereto as Exhibit C.

188210/0002103-24095                        10

19.     On September 15, 2008, to protect its senior federally registered and common law trademark rights to the mark THE BEHEMOTH, Counter-Plaintiff filed a Notice of Opposition with the U.S. Trademark Trial and Appeal Board against Vision Forum's Application.

20.     On or about October 6, 2008, with full knowledge of Counter-Plaintiff's prior use and registration of the mark THE BEHEMOTH and domain name "thebehemoth.com," Vision Forum began using the BEHEMOTH.COM mark in connection with online retail sales of books, music, movies and other materials at www.behemoth.com.

21.     Vision Forum illustrates its BEHEMOTH.COM mark on its www.behemoth.com website in the same color blue that Counter-Plaintiff predominantly uses in connection with its THE BEHEMOTH mark on Counter-Plaintiff's www.thebehemoth.com website, further compounding a likelihood of confusion with Counter-Plaintiff.

22.     Vision Forum does not own a federal registration for the mark BEHEMOTH.COM but continuously uses the ® symbol adjacent to its BEHEMOTH.COM mark on its www.behemoth.com website.

23.     Upon information and belief, on or about January 2009, in further violation of Vision Forum's intentional and willful infringement of Counter-Plaintiff's senior common law and federal trademark rights, Vision Forum placed a disclaimer on its www.behemoth.com website stating that it is not associated with Counter-Plaintiff. Embedded in the disclaimer is a hyperlink to Counter-Plaintiff's www.thebehemoth.com website.   Counter-Plaintiff did not authorize the hyperlink to its www.thebehemoth.com website.  Upon information and belief, this unauthorized hyperlink trades off the goodwill in Counter-Plaintiff's THE BEHEMOTH mark by drawing additional Internet users to Vision Forum's www.behemoth.com website who are seeking Counter-Plaintiff's website based on Counter-Plaintiff's THE BEHEMOTH mark.

24.     Vision Forum's acts complained of herein have caused injury and damage to Counter-Plaintiff in an amount to be determined at trial.

## X.  FIRST COUNTERCLAIM

25.     Counter-Plaintiff incorporates by reference Paragraphs 1 through 24 of the Counterclaims as if they were fully set forth herein.

26.     This is an action for federal trademark infringement arising under section 32 of the Lanham Act, 15 U.S.C. § 1114.

27.     Without consent of Counter-Plaintiff, Vision Forum is using a nearly identical, confusingly similar trademark in the advertising, promoting and sale of Vision Forum's products and services, thereby causing a likelihood that customers would believe Vision Forum's products and services are associated with, sponsored by, or approved by Counter-Plaintiff, when they are not.  Counter-Plaintiff is informed and believes, and on that basis alleges, that Vision Forum had actual knowledge of Counter-Plaintiff's prior rights in its mark THE BEHEMOTH and has willfully, intentionally, deliberately and knowingly infringed Counter-Plaintiff's registered mark THE BEHEMOTH in blatant disregard of Counter-Plaintiff's rights in violation of 15 U.S.C. § 1114.

28.     By its actions, Vision Forum has injured and violated Counter-Plaintiff's rights in an amount to be determined at trial.  Further, by its actions, Vision Forum has irreparably injured Counter-Plaintiff, and such irreparable injury will continue unless Vision Forum is enjoined by this Court, pursuant to 15 U.S.C. § 1116, from further violation of Counter-Plaintiff's rights, for which Counter-Plaintiff has no adequate remedy of law.

29.     The intentional nature of Vision Forum's unlawful acts renders this an exceptional case, entitling Counter-Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

188210/0002103-24095                    12

## XI. <u>SECOND COUNTERCLAIM</u>

30.     Counter-Plaintiff incorporates by reference Paragraphs 1 through 29 of the Counterclaims as if they were fully set forth herein.

31.     This is an action for false designation of origin arising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Counter-Plaintiff's trademark THE BEHEMOTH is distinctive and is used in interstate commerce.

33.     Vision Forum has created a false designation of origin by marketing, without the consent or authority of Counter-Plaintiff, online retail store services featuring books, music, movies and other materials using the mark BEHEMOTH.COM, with the intent to compete with Counter-Plaintiff, to trade upon Counter-Plaintiff's reputation and goodwill and by causing confusion and mistake among customers and the public and by deceiving them into believing that Vision Forum's products and services are associated with, sponsored by or approved by Counter-Plaintiff, when they are not.

34.     Counter-Plaintiff is informed and believes, and on that basis alleges, that Vision Forum had actual knowledge of Counter-Plaintiff's ownership and prior use of the mark THE BEHEMOTH, and without consent or permission of Counter-Plaintiff, has willfully violated 15 U.S.C. § 1125(a).

35.     As a result of the aforementioned acts of Vision Forum, Counter-Plaintiff has suffered, and continues to suffer, irreparable harm and has been damaged in an amount to be determined at trial.  Further, by its actions, Vision Forum has irreparably injured Counter-Plaintiff, and such irreparable injury will continue unless Vision Forum is enjoined by this Court,

pursuant to 15 U.S.C. § 1116, from further violation of Counter-Plaintiff's rights, for which Counter-Plaintiff has no adequate remedy of law.

36.     The intentional nature of Vision Forum's unlawful acts renders this an exceptional case, entitling Counter-Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

## XII. THIRD COUNTERCLAIM

37.     Counter-Plaintiff incorporates by reference Paragraphs 1 through 36 of the Counterclaims as if they were fully set forth herein.

38.     This is an action for false advertising arising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39.     Vision Forum's continuous use of the ® symbol adjacent to its BEHEMOTH.COM mark in promoting and advertising its goods and services on its www.behemoth.com website without owning a federal registration for the BEHEMOTH.COM mark constitutes false advertising that will mislead, confuse and deceive consumers.

40.     Counter-Plaintiff is informed and believes, and on that basis alleges, that Vision Forum had actual knowledge that it does not own a federal trademark registration for its BEHEMOTH.COM mark and has willfully violated 15 U.S.C. § 1125(a).

41.     As a result of the aforementioned acts of Vision Forum, Counter-Plaintiff has suffered, and continues to suffer, irreparable harm and has been damaged in an amount to be determined at trial.  Further, by its actions, Vision Forum has irreparably injured Counter-Plaintiff, and such irreparable injury will continue unless Vision Forum is enjoined by this Court, pursuant to 15 U.S.C. § 1116, from further violation of Counter-Plaintiff's rights, for which Counter-Plaintiff has no adequate remedy of law.

42.     The intentional nature of Vision Forum's unlawful acts renders this an exceptional case, entitling Counter-Plaintiff to an award of attorneys' fees under 15 U.S.C. § 1117(a).

### XIII.  FOURTH COUNTERCLAIM

43.     Counter-Plaintiff incorporates by reference Paragraphs 1 through 42 of the Counterclaims as if they were fully set forth herein.

44.     The actions of Vision Forum complained about herein constitute common law unfair competition under the laws of the State of Texas.  The actions of Vision Forum will continue unless enjoined by this Court.  As a result of the common law unfair competition and because of its willful nature, Counter-Plaintiff is entitled to actual damages, increased damages, and attorneys' fees.

### XIV.  FIFTH COUNTERCLAIM

45.     Counter-Plaintiff incorporates by reference Paragraphs 1 through 44 of the Counterclaims as if they were fully set forth herein.

46.     The actions of Vision Forum complained of hereinabove constitute a violation of Section 16.29 of the Texas Business and Commerce Code.  The actions of Vision Forum are likely to dilute the distinctive quality of the mark registered by Counter-Plaintiff, which acts may be enjoined.

### XV.  PRAYER FOR RELIEF

WHEREFORE, Defendant/Counter-Plaintiff, The Behemoth, respectively requests that the Court enter judgment as follows:

A.      That the Court enter judgment in favor of The Behemoth and against Vision Forum on all claims for relief alleged in the Complaint and herein;

C.    That the Court enter a judgment that Vision Forum has committed a false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D.    That the Court enter a judgment that Vision Forum has committed false advertising under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

E.    That the Court enter a judgment that Vision Forum has committed unfair competition under the common law of Texas;

F.    That the Court enter a judgment that Vision Forum has violated section 16.29 of the Texas Business and Commerce Code;

G.    That the Court order Vision Forum to expressly abandon with prejudice its federal application for the mark BEHEMOTH.COM, Serial No. 77/395,510;

H.    That the Court enter a permanent injunction barring Vision Forum, its agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from using the BEHEMOTH.COM mark or any other mark confusingly similar thereto, to sell, market, advertise or identify its products or services, including on the Internet, or to unfairly compete in any other way with The Behemoth;

I.    That the Court require that Vision Forum, its agents, servants, employees and attorneys, and all those persons in active concert or participation with them, deliver up for destruction all materials embodying the BEHEMOTH.COM mark or any other mark confusingly similar thereto;

J.    That the Court award The Behemoth, and against Vision Forum, actual damages in an amount to be determined at trial, and augment The Behemoth's actual damages pursuant to 15 U.S.C. § 1117(a) due to the willful misconduct of Vision Forum;

J.      That the Court award The Behemoth, and against Vision Forum, actual damages in an amount to be determined at trial, and augment The Behemoth's actual damages pursuant to 15 U.S.C. § 1117(a) due to the willful misconduct of Vision Forum;

K.      That the Court award The Behemoth disgorgement of Vision Forum's profits attributable to the infringing conduct;

L.      That the Court adjudge the above-captioned action to be an "exceptional case" within the meaning of 15 U.S.C. § 1117(a) and award The Behemoth its reasonable attorneys' fees pursuant thereto;

M.     That the Court award The Behemoth its costs; and

N.      That the Court award such other and further relief as it may deem just and proper.

## VI. **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. Rule 38(b), Defendant/Counter-Plaintiff THE BEHEMOTH demands a trial by jury of all issues raised by this Answer and Counterclaims which are triable by jury.

Respectfully submitted,

CLEMENS & SPENCER
112 E. Pecan Street, Suite 1300
San Antonio, Texas 78205
Tel:    210.227.7121
Fax:    210.227.0732
E-mail: jowersj@clemens-spencer.com
Email:  tower@clemens-spenc.com

Dated: February 20, 2009                    By:    /s/**RANDOLPH P. TOWER**
                                                   Randolph P. Tower
                                                   State Bar No. 20153000
                                                   Jeffrey J. Jowers
                                                   State Bar No. 24012932

2040 Main Street, Fourteenth Floor
Irvine, California 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-8502
ljs@kmob.com
gregory.phillips@kmob.com

**Attorneys for Defendant/Counter-Plaintiff, The Behemoth**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of February, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Don Hart, Jr.
Law Office of Don Hart
P.O. Box 699
Liberty Hill, TX 78642

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Mr. Anthony J. Biller
Coats & Bennett, P.L.L.C.
1400 Crescent Green, Suite 300
Cary, NC 27511

*/s/ Randolph P. Tower*

_____
Randolph P. Tower

188210/0002103-24095

18